**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware _____
_____
(State)

Case number (*if known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Azzur Cleanrooms-on-Demand - Burlington LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 85-2660390 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 60 Blanchard Road | 330 South Warminster Road, Suite 341 |
| Number      Street | Number      Street |
| | P.O. Box |
| Burlington          MA      01803 | Hatboro          PA      19040 |
| City          State    ZIP Code | City          State    ZIP Code |
| Middlesex | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number      Street |
| | City          State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://azzur.com |

Debtor   Azzur Cleanrooms-on-Demand - Burlington LLC                          Case number *(if known)*_____
         <sub>Name</sub>

---

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3256___  ___  ___

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    Azzur Cleanrooms-on-Demand - Burlington LLC
_____
Name                                                          Case number (if known)_____

9.  **Were prior bankruptcy cases
    filed by or against the debtor
    within the last 8 years?**

    If more than 2 cases, attach a
    separate list.

☑ No

☐ Yes.  District _____    When _____    Case number _____
                                          MM / DD / YYYY

         District _____    When _____    Case number _____
                                          MM / DD / YYYY

10. **Are any bankruptcy cases
    pending or being filed by a
    business partner or an
    affiliate of the debtor?**

    List all cases. If more than 1,
    attach a separate list.

☐ No

☑ Yes.  Debtor   See attachment._____    Relationship _____

         District _____    When _____
                                                              MM / DD / YYYY

         Case number, if known _____

11. **Why is the case filed in *this
    district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days
   immediately preceding the date of this petition or for a longer part of such 180 days than in any other
   district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have
    possession of any real
    property or personal property
    that needs immediate
    attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

   **Why does the property need immediate attention?** (*Check all that apply.*)

   ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

      What is the hazard? _____

   ☐ It needs to be physically secured or protected from the weather.

   ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without
      attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related
      assets or other options).

   ☐ Other _____

   **Where is the property?**_____
                              Number          Street

                              _____

                              _____    _____
                              City                             State ZIP Code

   **Is the property insured?**

   ☐ No

   ☐ Yes. Insurance agency _____

          Contact name    _____

          Phone           _____

■ **Statistical and administrative information**

Debtor    Azzur Cleanrooms-on-Demand - Burlington LLC
_____
Name

Case number (if known)_____

| 13. | Debtor's estimation of available funds | Check one: |
|---|---|---|

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

| 14. | Estimated number of creditors |
|---|---|

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

| 15. | Estimated assets |
|---|---|

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| 16. | Estimated liabilities |
|---|---|

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | Declaration and signature of authorized representative of debtor |
|---|---|

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/02/2025
_____
MM / DD / YYYY

✖ /s/ M. Benjamin Jones
_____
Signature of authorized representative of debtor

M. Benjamin Jones
_____
Printed name

Title  Chief Restructuring Officer
_____

| Debtor | Azzur Cleanrooms-on-Demand - Burlington LLC | Case number (if known) |
|--------|-----|-----|
|        | Name |     |

**18. Signature of attorney**

✖ /s/  Stuart M. Brown

Signature of attorney for debtor

Date          03/02/2025

MM    / DD  / YYYY

Stuart M. Brown

Printed name

DLA Piper LLP (US)

Firm name

1201 North Market Street, Suite 2100

Number      Street

Wilmington

City

DE          19801

State          ZIP Code

(302) 468-5700

Contact phone

stuart.brown@us.dlapiper.com

Email address

4050

Bar number

DE

State

**AFFILIATED DEBTORS**

| | **Entity Name** | **EIN** |
|---|---|---|
| 1. | Azzur Group Holdings LLC | 86-2594359 |
| 2. | Azzur Group, LLC | 35-2508947 |
| 3. | Cobalt LLC. | 47-2002665 |
| 4. | Azzur Consulting LLC | 85-1187874 |
| 5. | Azzur Austin LLC | 85-1211676 |
| 6. | Azzur Chicago LLC | 84-2494774 |
| 7. | Azzur Denver LLC | 85-1222203 |
| 8. | Azzur IT LLC | 47-5304174 |
| 9. | Azzur North Carolina, LLC | 32-0432894 |
| 10. | Azzur of CA, LLC | 47-2630166 |
| 11. | Azzur of NE, LLC | 47-2703312 |
| 12. | Azzur Princeton LLC | 84-2442316 |
| 13. | Azzur San Diego LLC | 84-2520476 |
| 14. | Azzur San Francisco LLC | 84-2509759 |
| 15. | Azzur Solutions LLC | 83-2397189 |
| 16. | Azzur Technical Services - Boston LLC | 84-3312742 |
| 17. | Azzur Training Center - Raleigh LLC | 85-0608540 |
| 18. | Azzur Washington DC LLC | 84-2427311 |
| 19. | Azzur Worcester LLC | 84-4240392 |
| 20. | Azzur Cleanrooms-On-Demand - Services LLC | 92-0681911 |
| 21. | Azzur Cleanrooms-on-Demand - Boston LLC | 84-3100318 |
| 22. | Azzur Cleanrooms-on-Demand - Burlington LLC | 85-2660390 |
| 23. | Azzur Cleanrooms-On-Demand - Devens LLC | 88-1329377 |
| 24. | Azzur Cleanrooms-on-Demand - Raleigh LLC | 85-3778677 |
| 25. | Azzur Cleanrooms-on-Demand - San Diego LLC | 85-0603098 |
| 26. | Azzur Cleanrooms-On-Demand - San Francisco LLC | 88-1062766 |
| 27. | Azzur Labs, LLC | 45-4669459 |
| 28. | Azzur Labs - Boston LLC | 84-3615927 |
| 29. | Azzur Labs - Chicago LLC | 85-1763920 |
| 30. | Azzur Labs - Dallas LLC | 85-2712908 |
| 31. | Azzur Labs - San Diego LLC | 85-1733555 |
| 32. | Azzur Labs - San Francisco LLC | 84-3227517 |
| 33. | Azzur Labs NC, LLC | 83-1834170 |

**OMNIBUS WRITTEN CONSENT**
**OF THE MANAGERS OF AZZUR GROUP**
**HOLDINGS LLC, THE MEMBER, AND THE AUTHORIZED**
**SIGNATORY OF EACH OF THE FILING SUBSIDIARIES**

March 2, 2025

The undersigned, constituting the Board of Managers (the "Board") of Azzur Group Holdings LLC, a Delaware limited liability company ("Azzur Holdings"), the governing bodies (each a "Governing Body"), of each other entity listed in the signature blocks below (each, a "Filing Subsidiary" and collectively, the "Filing Subsidiaries," and, together with Azzur Holdings, the "Company"), hereby take the following actions and adopt, consent, approve, and ratify the following recitals and resolutions that were unanimously approved by the Board and each Governing Body at a meeting duly noticed and held on March 2, 2025 and pursuant to such Company's governing document(s) and the applicable law of such Company's jurisdiction of organization:

**WHEREAS**, the Board and each Governing Body has surveyed potential restructuring options for the Company and duly considered presentations by management and the advisors to the Company regarding the Company's assets, liabilities, the short- and long-term liquidity situation and prospects of the Company, and the impact of the foregoing on the Company's business, prospects, operations, and enterprise value;

**WHEREAS**, the Board and each Governing Body has reviewed and considered presentations by management and the advisors of the Company regarding the advantages and disadvantages of filing a voluntary petition for relief (the "Bankruptcy Petition") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code");

**WHEREAS**, the Board and each Governing Body has had adequate opportunity to consult with, and ask questions of, management and the Company's advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic and financial alternatives available to the Company;

**WHEREAS**, Manufacturers and Traders Trust Company ("M&T"), as lender, and each Company, with the exception of Azzur Holdings and Azzur Cleanrooms-On-Demand – Raleigh LLC ("Azzur COD Raleigh"), are parties to that certain *Loan and Security Agreement*, dated as of April 7, 2020 (as amended, supplemented, or otherwise modified from time to time, the "Pre-Petition Credit Agreement");

**WHEREAS**, in light of the Company's financial condition, the Company has engaged in arms'-length, good faith negotiations with M&T for the (i) commitment for postpetition financing under a multi-draw superpriority senior secured debtor in possession facility in the amount of $23,500,000, including new money commitments of $8,500,000, on substantially the terms and conditions provided to the Board and each Governing Body (the "DIP Facility"); (ii) documentation for the DIP Facility, including the *Ratification and Amendment Agreement* (the "DIP Credit Agreement," and together with the loan documents under the Pre-Petition Credit

Agreement collectively, the "DIP Loan Documents"); (iii) that certain *Joinder Agreement*, joining Azzur Holdings and Azzur COD Raleigh (the "New Borrowers") to the Pre-Petition Credit Agreement (the "Joinder Agreement"); and (iv) arrangements for use of cash collateral, if consented to by M&T, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"); and

**WHEREAS**, in the business judgment of the Board and each Governing Body, it is desirable and in the best interests of the Company, its creditors, its stakeholders, and other parties in interest to authorize the Company to enter into one or more restructuring transactions (collectively, the "Restructuring Transactions"), including, among other things, financing or a recapitalization of the Company, which may include submission of a plan of reorganization or a sale of all or substantially all of the Company's assets under the Bankruptcy Code and to file or enter into related pleadings and documents; and

**WHEREAS**, in furtherance of the Restructuring Transactions and after being fully informed, and after careful consideration and deliberation, in the business judgment of the Board and each Governing Body, after consulting with the management, legal and financial advisors of, and other consultants to, the Company, it is desirable and in the best interests of the Company, its creditors, its equity holders and other parties in interest, that the Company file or cause to be filed forthwith a voluntary petition for relief for Azzur Holdings and each Filing Subsidiary (each such voluntary petition commencing a "Chapter 11 Case", and collectively, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code; and

**WHEREAS**, in connection with the Chapter 11 Cases, the Board has determined that it is advisable and in the best interest of the Company and its respective creditors, employees, other stakeholders, and other parties to approve the sale of certain assets of the Company on the terms and subject to the conditions as set forth in that certain Asset Purchase Agreement (the "APA") by and between Eliquent Life Sciences, Inc. and Azzur Group, LLC; and

**WHEREAS**, in connection with the Chapter 11 Cases, the Board has determined that it is advisable and in the best interest of the Company and its respective creditors, employees, other stakeholders, and other parties to authorize and direct the Authorized Persons, as defined below, to take any and all actions or refrain from taking action that is in the business judgment of the Company necessary or advisable to maximize the value of the Company and administer the Chapter 11 Cases to a successful outcome.

**NOW, THEREFORE, IT IS:**

**RESOLVED**, that Azzur Holdings and each Filing Subsidiary shall be, and hereby is, authorized to file or cause to be filed forthwith a voluntary petition and related documents and pleadings to commence a Chapter 11 Case under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is further

**RESOLVED**, that M. Benjamin Jones, Michael Khavinson, Ryan Ott, James Kalinovich, or any other authorized person (or their designees and delegates) of the applicable Company (each, an "Authorized Person," and collectively, the "Authorized Persons"), acting alone or with one or

more other Authorized Persons be, and hereby are, authorized, empowered and directed to execute and file on behalf of the applicable Company all petitions, schedules, lists, motions, certificates, declarations, papers and documents, and to take any and all action that any one or more deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business or to successfully prosecute the Chapter 11 Cases; and it is further

**RESOLVED**, that the Authorized Persons are hereby authorized and empowered, in the name of and on behalf of the Company, to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance and implementation of any agreements, certificates, instruments, petitions, motions or other papers or documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including but not limited to, any asset or equity purchase agreement, chapter 11 plan, disclosure statement, and all exhibits and/or ancillary documents related thereto (collectively, the "Restructuring Documents"); and it is further

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the law firm of DLA Piper LLP (US) ("DLA Piper"), as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of DLA Piper; and it is further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to ratify the retention of M. Benjamin Jones as chief restructuring officer under the letter agreement dated January 28, 2025, and to employ the firm Ankura Consulting Group, LLC ("Ankura") as restructuring advisor to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ankura; and it is further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ Brown Gibbons Lang & Co. Securities Inc. ("BGL") as investment banker to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BGL; and it is further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ Stretto, Inc. ("Stretto") as claims and noticing agent to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each of the Authorized Persons are, with power of delegation, authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and it is further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to ratify the retention of Gary Knight to serve as the Independent Manager on the Board of Managers of Azzur Holdings in accordance with the appointment to the Board under that certain Amended and Restated LLC Operating Agreement for Azzur Group Holdings, LLC, dated April 16, 2021, to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, Gary Knight hereby recuses himself from all actions and resolutions with respect to the ratification of his retention as Independent Manager to the Board of Managers; and it is further

**RESOLVED**, that each of the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each of the Authorized Persons are, with power of delegation, authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

**Debtor in Possession Financing, Cash Collateral, and Adequate Protection**

**RESOLVED**, that in connection with the Chapter 11 Cases, the DIP Facility and any other agreements, consents, certificates, amendments, assignments, and instruments in connection therewith are approved and authorized in all respects on substantially the same terms that have been provided to the Governing Body of the Company, and with such changes as the Authorized Persons shall approve; and the Authorized Persons shall be, and they hereby are, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the DIP Loan Documents, as such Authorized Persons consider necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the DIP Loan Documents and other arrangements necessary, proper, or desirable in the interest of the Company in connection with the Chapter 11 Cases, such determination to be conclusively evidenced by such execution or taking of such action; and it is further

**RESOLVED**, that in the business judgment of each Governing Body, the Company will benefit from using collateral, including Cash Collateral, that is security for the holder of Company obligations under the Pre-Petition Credit Agreement (the "Pre-Petition Secured Party") and DIP Loan Documents; and it is further

**RESOLVED**, that for the Company to use and benefit from using the Cash Collateral, if consented to by M&T, and in accordance with section 363 of the Bankruptcy Code, the Company will grant certain liens, claims, and other entitlements to M&T (collectively, the "Adequate Protection Obligations"), as documented in the DIP Loan Documents and authorized and approved by an interim order and a final order (collectively, the "DIP Orders") to be submitted to the Bankruptcy Court for approval; and it is further

**RESOLVED**, that the Authorized Persons are hereby authorized, empowered, and instructed to make such arrangements as they deem necessary or proper for the Company to use existing "cash collateral" as that term is defined in section 363(a) of the Bankruptcy Code, and that such Authorized Persons are hereby authorized and instructed, on behalf of and in the name of the Company, as documented in the DIP Loan Documents and authorized and approved by entry of the DIP Orders, and to provide guaranties to and undertake any and all related financial transactions with the Pre-Petition Secured Party on such terms as may be approved by any one or more of the Authorized Persons, as reasonably necessary for the continuing conduct of the affairs of the such Company; and it is further

**RESOLVED**, that the form, terms, and provisions of the DIP Loan Documents, and the transactions contemplated thereby, and the DIP Orders to which the Company shall be subject, and the actions and transactions contemplated thereby, in each case, are hereby authorized and approved in all respects; and each of the Authorized Persons are authorized and empowered, in the name of and on behalf of Azzur Holdings and each Filing Subsidiary, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Loan Documents and the Company's respective obligations thereunder (collectively, the "DIP Obligations"), and to perform under the DIP Loan Documents and DIP Orders and cause the Company's performance of its obligations thereunder; and it is further

**RESOLVED**, that the Company, as debtors and debtors in possession under the Bankruptcy Code are hereby authorized to incur the Adequate Protection Obligations and the DIP Obligations, including granting liens on their assets to secure claims that constitute Adequate Protection Obligations and the DIP Obligations; and it is further

**RESOLVED**, that each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of, and on behalf of, the Company, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, appropriate, or proper to consummate and implement the transactions contemplated by the DIP Loan Documents and the DIP Orders, including executing and delivering any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the DIP Loan Documents or any reports and revised budgets in connection with the DIP Loan Documents, and to execute and file on behalf of the Company any and all schedules, lists, motions, budgets, papers, or documents, which shall in their sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by their execution thereof; and it is further

**Restructuring Transactions**

**RESOLVED**, that the Company shall be, and hereby is, authorized to pursue and implement a Restructuring Transaction as may be further approved, modified, or amended by one or more of the Authorized Persons in their business judgment and in consultation with the Company's professionals; and it is further

**RESOLVED**, that the Company, and the Authorized Persons, shall be, and each of them hereby is, authorized to execute, deliver, and perform its obligations under one or more purchase agreements, license agreements, or other transactions and all associated agreements, schedules, certificates, instruments, guaranties, notices, and other documents implementing a Restructuring Transaction, as may be deemed necessary or desirable by any of the Authorized Persons; and it is further

**RESOLVED**, that the Company shall be, and hereby is, authorized to file or cause to be filed a motion seeking approval of one or more Restructuring Transactions, subject to such modifications thereto as such Authorized Person may deem necessary or advisable in order to give effect to and carry out the general purposes of such Restructuring Transaction, including (i) bidding procedures, a stalking horse purchaser and the payment of certain fees (including expense reimbursement and breakup fees) to the stalking horse purchaser; (ii) a plan of reorganization or liquidation, and associated disclosure statement, to the extent applicable, and all other related documents, and consummate, and perform under, the transactions contemplated therein; and/or (iii) to dismiss or close one or more Chapter 11 Cases and execute all related documents as may be reasonably necessary or desirable in the best interests of the Company and its stakeholders; and it is further

**Asset Purchase Agreement**

**RESOLVED**, that the Board has determined that it is in the best interests of the Company and its respective creditors, employees, other stakeholders, and other interested parties to approve the form, terms and conditions of the APA and the transactions contemplated thereby, subject to approval of the Bankruptcy Court and commencement of the Chapter 11 Cases; and it is further

**RESOLVED**, that the form, terms and provisions of the APA and the transactions contemplated thereby, be, and the same hereby are, in all respects, approved, adopted and confirmed; and it is further

**RESOLVED**, that each Authorized Person, acting alone, be, and hereby is, authorized and empowered, on behalf of and in the name of the applicable Companies, to enter into the APA and deliver all exhibits and schedules attached thereto and incorporated therein, and each of the ancillary documents to be entered into in connection therewith (the "Sale Documents"), and to enter into and consummate the transactions and obligations contemplated by the APA and the Sale Documents, subject to Bankruptcy Court approval; and it is further

**Joinder to the Pre-Petition Credit Agreement**

 **RESOLVED**, that the Board has determined that it is in the best interests of the Company to approve the form, terms and conditions of the Joinder Agreement, adding Azzur Holdings and Azzur COD Raleigh as New Borrowers to the Pre-Petition Security Agreement; and it is further

 **RESOLVED**, that the form, terms and provisions of the Joinder Agreement be, and the same hereby are, in all respects, approved, adopted and confirmed, together with any ancillary agreements referenced therein and attached thereto, and authorizes the New Borrowers' performance of its obligations thereunder in accordance therewith; and it is further

 **RESOLVED**, that each Authorized Person, acting alone, be, and hereby is, authorized and empowered, on behalf of and in the name of the New Borrowers, to execute and deliver the Joinder Agreement, together with any ancillary agreements referenced therein and attached thereto; and it is further

**General Authority**

 **RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required the applicable Company's governing document(s) and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to matters addressed or contemplated by these resolutions; and it is further

 **RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing document(s) and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case, as such Authorized Persons may, in their discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein including to pursue the successful outcome of the Chapter 11 Cases; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof; and it is further

 **RESOLVED**, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by each Company's governing document(s), or hereby waives any right to have received such notice; and it is further

 **RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would

have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, authorized, confirmed, adopted, and ratified in all respects and for all purposes as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board or each Governing Body.

*[Signature pages follow.]*

**IN WITNESS WHEREOF**, the undersigned, constituting all the members of the board of managers of Azzur Group Holdings, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

Signed by:

*Michael Khavinson*

F4694C04B9E543A

Michael Khavinson
Title: Manager

DocuSigned by:

*Robert Ospalik*

5112CAFAEE9F4C9...

Robert Ospalik
Title: Manager

Signed by:

*Joseph Perrotto*

6A76ABBD668242C...

Joseph Perrotto
Title: Manager

DocuSigned by:

*Gary knight*

59E0D9B084874C6...

Gary Knight
Title: Independent Manager

OMNIBUS CONSENT – CHAPTER 11 FILING
SIGNATURE PAGE

**IN WITNESS WHEREOF**, the undersigned, constituting the managing member of Azzur Group, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

> **AZZUR GROUP HOLDINGS LLC**, as managing member of Azzur Group, LLC
>
> Signed by:
>
> *M. Benjamin Jones*
> 4662217DA60843E...
>
> M. Benjamin Jones, Chief Restructuring Officer
> Title: Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned, constituting the managing member of Azzur Austin LLC, Azzur of CA, LLC, Azzur Denver LLC, Azzur of NE, LLC, Azzur Princeton LLC, Azzur San Franscisco LLC, Azzur Training Center – Raleigh LLC, Azzur Washington DC LLC, Azzur Solutions LLC, Azzur San Diego LLC, Azzur Chicago LLC, Azzur IT LLC, Azzur of North Carolina, LLC, Azzur Worcester LLC, Azzur Technical Services – Boston LLC, Azzur Consulting LLC, Azzur Cleanrooms-On-Demand – Services LLC, Azzur Labs, LLC., Azzur Labs – San Diego LLC, Azzur Labs – Dallas LLC, Azzur Labs – Chicago LLC, and Cobalt LLC. does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

> **AZZUR GROUP, LLC**, as managing member of Azzur Austin LLC, Azzur of CA, LLC, Azzur Denver LLC, Azzur of NE, LLC, Azzur Princeton LLC, Azzur San Franscisco LLC, Azzur Training Center – Raleigh LLC, Azzur Washington DC LLC, Azzur Solutions LLC, Azzur San Diego LLC, Azzur Chicago LLC, Azzur IT LLC, Azzur of North Carolina, LLC, Azzur Worcester LLC, Azzur Technical Services – Boston LLC, Azzur Consulting LLC, Azzur Cleanrooms-On-Demand – Services LLC, Azzur Labs, LLC., Azzur Labs – San Diego LLC, Azzur Labs – Dallas LLC, Azzur Labs – Chicago LLC, and Cobalt LLC.
>
> Signed by:
>
> *M. Benjamin Jones*
> 4662217DA60843E...
>
> M. Benjamin Jones, Chief Restructuring Officer
> Title: Authorized Signatory

OMNIBUS CONSENT – CHAPTER 11 FILING
SIGNATURE PAGE

**IN WITNESS WHEREOF**, the undersigned, constituting the managing member of Azzur Cleanrooms-On-Demand – San Francisco LLC, Azzur Cleanrooms-On-Demand – Raleigh LLC, Azzur Cleanrooms-On-Demand – Boston LLC, Azzur Cleanrooms-On-Demand – Devens LLC, Azzur Cleanrooms-On-Demand – Burlington LLC, and Azzur Cleanrooms-On-Demand – San Diego LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

> **AZZUR CLEANROOMS-ON-DEMAND – SERVICES LLC**, as managing member of Azzur Cleanrooms-On-Demand – San Francisco LLC, Azzur Cleanrooms-On-Demand – Raleigh LLC, Azzur Cleanrooms-On-Demand – Boston LLC, Azzur Cleanrooms-On-Demand – Devens LLC, Azzur Cleanrooms-On-Demand – Burlington LLC, and Azzur Cleanrooms-On-Demand – San Diego LLC
>
> Signed by:
> *M. Benjamin Jones*
> 46622179A69843E
>
> M. Benjamin Jones, Chief Restructuring Officer
> Title: Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned, constituting the managing member of Azzur Labs – San Francisco LLC, Azzur Labs – Boston LLC, and Azzur Labs NC, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

> **AZZUR LABS, LLC.**, as managing member of Azzur Labs – San Francisco LLC, Azzur Labs – Boston LLC, and Azzur Labs NC, LLC
>
> Signed by:
> *M. Benjamin Jones*
> 46622179A69843E
>
> M. Benjamin Jones, Chief Restructuring Officer
> Title: Authorized Signatory

Fill in this information to identify the case:

Debtor Name: <u>Azzur Group Holdings LLC, *et al.*</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**          **12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Angstrom Technology 3509 3 Mile Road NW, Suite 3 Grand Rapids, MI 49534 | NAME: Matt Purvis PHONE: (616) 866-2400 EMAIL: matt.purvis@angstromtech.com | Trade | | | | $4,185,909.15 |
| 2 | 1955 North Loop Owner, LLC 2001 Ross Avenue, Suite 3400 Dallas, TX 75201 | NAME: Kevin Pirozzoli PHONE: (972) 715-7400 EMAIL: simon.gordon@cbre.com | Landlord | | | | $3,204,097.11 |
| 3 | 2065 North Loop Owner, LLC 2001 Ross Avenue, Suite 3400 Dallas, TX 75201 | NAME: Kevin Pirozzoli PHONE: (972) 715-7400 EMAIL: simon.gordon@cbre.com | Landlord | | | | $3,092,600.68 |
| 4 | Barker Contracting Inc. 2127 E. Speedway Blvd., Suite 101 Tucson, AZ 85719 | NAME: Brian G. Lepker PHONE: (520) 323-3831 EMAIL: blepker@barkerone.com | Trade | | | | $2,198,524.88 |
| 5 | Milton CAT P.O. Box 3851 Boston, MA 02241-3851 | NAME: David DelloRusso PHONE: (888) 702-0073 EMAIL: david_dellorusso@miltoncat.com | Trade | | | | $1,969,946.48 |
| 6 | Thomas Scientific, LLC 1654 High Hill Road Swedesboro, NJ 08085 | NAME: Kim Duffield PHONE: (833) 544-7447 EMAIL: kim.duffield@thomassci.com | Trade | | | | $1,871,584.56 |

Debtor  Azzur Group Holdings LLC, *et al.*                                    Case number (if known) _____

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Iodine Propco 2021, LLC c/o Lincoln Harris LLC 4725 Piedmont Road Drive, Suite 800 Charlotte, NC 28210 | NAME: Tammy Pierce PHONE: (212) 697-4740 EMAIL: info@lpc.com | Landlord | | | | $1,571,322.45 |
| 8 | Ring Therapeutics, Inc. 620 Memorial Drive, Suite 300 Cambridge, MA 02139 | NAME: Tuyen Ong PHONE: (617) 868-1888 EMAIL: tong@ringtx.com | Trade | | | | $815,749.50 |
| 9 | Veolia Environmental Services 107 South Motor Avenue Azusa, CA 91702 | NAME: Greg Giandomenico PHONE: (219) 391-0228 EMAIL: wrcs@veolia.com | Trade | | | | $672,146.77 |
| 10 | 60 Blanchard Owner LLC Nordblom Management Company, Inc. 71 Third Avenue Burlington, MA 01803 | NAME: Adele Olivier PHONE: (781) 272-4000 EMAIL: adele.olivier@nordblom.com | Landlord | | | | $620,413.89 |
| 11 | King 45 Jackson LLC Lincoln Property Company 575 University Avenue Norwood, MA 02062 | NAME: Tyson Reynoso PHONE: (617) 910-5504 EMAIL: treynoso@ks-prop.com | Landlord | | | | $533,379.79 |
| 12 | Shiraz Partners LP 888 Prospect Street, Suite 340 La Jolla, CA 92037 | NAME: Ben Badiee PHONE: (888) 815-8886 EMAIL: ben@badieedevelopment.com | Landlord | | | | $483,254.00 |
| 13 | CleanSpace 607 Airport Blvd. Doylestown, PA 18902 | NAME: Glenn Vandegrift PHONE: (267) 857-0346 EMAIL: gvandegrift@cleanspaceus.com | Trade | | | | $345,114.29 |
| 14 | DBC I, Inc. 465 Waverley Oaks Road, Suite 500 Waltham, MA 02452 | NAME: Philip Asselin PHONE: (781) 647-57775 EMAIL: info@duffyproperties.com | Landlord | | | | $329,427.51 |
| 15 | Devens Utilities P.O. Box 55073 Boston, MA 02205 | NAME: Jim Moore PHONE: (978) 784-2931 EMAIL: jmoore@massdevelopment.com | Utility | | | | $311,729.19 |
| 16 | VV330 LLC One Belmont Avenue, Suite 520 Bala Cynwyd, PA 19004 | NAME: Zachary Moore PHONE: (610) 382-5400 EMAIL: zach@velocityinv.com | Landlord | | | | $269,210.29 |

Debtor  Azzur Group Holdings LLC, *et al.*                                    Case number (if known) _____

      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | CDW Direct P.O. Box 75723 Chicago, IL 60675-5723 | NAME: Jeff Carr PHONE: (877) 818-6317 EMAIL: jeffcarr@cdw.com | Trade | | | | $265,653.70 |
| 18 | Citro Digital LLC 167 Main Street Emmaus, PA 18049 | NAME: Hillary Long PHONE: (610)382-54000 EMAIL: long@citrodigital.com | Trade | | | | $238,705.65 |
| 19 | Controlled Contamination Services, LLC P.O. Box 790379 St. Louis, MO 63179-0379 | NAME: Kelly Perna PHONE: (888) 263-9886 EMAIL: legal@cleanroomcleaning.com | Trade | | | | $218,049.00 |
| 20 | Unifirst Corporation P.O. Box 650481 Dallas, TX 75265-0481 | NAME: Jennifer Glaude PHONE: (844) 667-9584 EMAIL: jennifer_glaude@unifirst.com | Trade | | | | $197,959.77 |
| 21 | Stericycle Inc. 2355 Waukegan Road Bannockburn, IL 60015 | NAME: Stacy Sachs PHONE: (847) 367-5910 EMAIL: customer-relations@stericycle.com | Trade | | | | $182,016.51 |
| 22 | QSI 3PL Plus LLC 155 West Street, Suite 1 Wilmington, MA 01887 | NAME: Shaun McCormack PHONE: (339) 222-2673 EMAIL: smccormack@qsitesting.net | Trade | | | | $156,813.93 |
| 23 | Oracle America, Inc. 2300 Oracle Way Austin, TX 78741 | NAME: Cole Sundolf PHONE: (650) 506-7000 EMAIL: cole.sundolf@oracle.com | Trade | | | | $146,951.28 |
| 24 | New England Security 208 Broadway Malden, MA 02148 | NAME: Daniel Ryan Mailhiot PHONE: (617) 322-6372 EMAIL: dan@newenglandsecurity.com | Security | | | | $142,600.00 |
| 25 | Technical Safety Services, LLC 8360 Juniper Creek Lane San Diego, CA 92126 | NAME: Joe Carline PHONE: (800) 877-7742 EMAIL: tss-acctrec@techsafety.com | Trade | | | | $142,098.88 |
| 26 | OnePointe Solutions LCC P.O. Box 841819 Dallas, TX 75284 | NAME: Ashley Wright PHONE: (866) 411-3047 EMAIL: ar@onepointesolutions.com | Trade | | | | $132,559.68 |

Debtor   Azzur Group Holdings LLC, *et al.*                            Case number (if known) _____
       Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | Sunbelt Rentals 14951 Catalina Street San Leandro, CA 94577-6613 | NAME: Christina Smith PHONE: (423) 876-8447 EMAIL: christina.smith@sunbeltrentals.com | Trade | | | | $108,887.70 |
| 28 | Blur Mountain Quality Resources 475 Rolling Ridge Drive, Suite 200 State College, PA 16801 | NAME: Ann Getz PHONE: (814) 234-2417 EMAIL: amgetz@coolblue.com | Trade | | | | $106,744.08 |
| 29 | nanoClean 128 New Boston Street, Suite 9 Deer Park, NY 11729 | NAME: Bryan Runge PHONE: (781) 545-5793 EMAIL: brunge@nanocleandecon.com | Trade | | | | $106,659.00 |
| 30 | Clade Therapeutics 25 N 38th Street, 11th Floor Philadelphia, PA 19104 | NAME: Robert L. Duffy, Jr. PHONE: (415) 886-7710 EMAIL: contact.us@cladetx.com | Trade | | | | $106,101.29 |

Fill in this information to identify the case and this filing:

Debtor Name _Azzur Group Holdings LLC, et al._

United States Bankruptcy Court for the: __District of Delaware__
(State)

Case number (_If known_): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ _Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)_

☐ _Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)_

☐ _Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)_

☐ _Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)_

☐ _Schedule H: Codebtors (Official Form 206H)_

☐ _Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)_

☐ _Amended Schedule _____

☒ _Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)_

☐ _Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/02/2025___                    _/s/ M. Benjamin Jones_____
                 MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                                M. Benjamin Jones_____
                                                Printed name

                                                Chief Restructuring Officer_____
                                                Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Azzur Cleanrooms-on-Demand - Burlington LLC, | Case No. 25-_____ (____) |
| Debtor. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of Azzur Cleanrooms-on-Demand - Burlington LLC certifies that the following corporate entity directly owns 10% or more of Azzur Cleanrooms-on-Demand - Burlington LLC's equity interest.

| Equity Holder | Percentage of Total Equity |
|---|---|
| Azzur Cleanrooms-On-Demand – Services LLC | 100% |

Fill in this information to identify the case and this filing:

Debtor Name __Azzur Cleanrooms-on-Demand - Burlington LLC_____

United States Bankruptcy Court for the:_____District of Delaware_____
(State)

Case number (If known):_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐       *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐       *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐       *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐       *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐       *Schedule H: Codebtors (Official Form 206H)*

☐       *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐       *Amended Schedule _____*

☐       *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒       *Other document that requires a declaration* Statement of Corporate Ownership_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     __03/02/2025_____          __/s/  M. Benjamin Jones_____
                        MM / DD / YYYY                          Signature of individual signing on behalf of debtor

                                                                        M. Benjamin Jones_____
                                                                        Printed name

                                                                        Chief Restructuring Officer_____
                                                                        Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Azzur Cleanrooms-on-Demand - Burlington LLC, | Case No. 25-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, Azzur Cleanrooms-on-Demand - Burlington LLC hereby provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Kind of Interest | Percentage of Interests Held |
|---|---|---|
| Azzur Cleanrooms-On-Demand – Services LLC 330 South Warminster Road Suite 341 Hatboro, PA 19040 | Membership Interest | 100.00% |

**Fill in this information to identify the case and this filing:**

Debtor Name _____ Azzur Cleanrooms-on-Demand - Burlington LLC _____

United States Bankruptcy Court for the: _____ District of Delaware _____
                                                        (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐      *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐      *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐      *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐      *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐      *Schedule H: Codebtors (Official Form 206H)*

☐      *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐      *Amended Schedule* _____

☐      *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒      *Other document that requires a declaration* List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/02/2025___          _./s/  M. Benjamin Jones_____
                  MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                          M. Benjamin Jones_____
                                          Printed name

                                          Chief Restructuring Officer_____
                                          Position or relationship to debtor

1616181504